# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 18, 2019

* * * * * * * * * * * * *
MARIETTA SCHENCK,      *
     *
     Petitioner,      *      No. 16-685V
     *      Special Master Oler
v.      *
     *      Attorneys' Fees and Costs
SECRETARY OF HEALTH      *
AND HUMAN SERVICES,      *
     *
     Respondent.      *
* * * * * * * * * * * * *

*Diana Lynn Stadelnikas*, Maglio Christopher and Toale, PC, Sarasota, FL, for Petitioner.

*Voris Edward Johnson*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 10, 2016, Marietta Schenck ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the influenza ("flu") vaccine she received on October 3, 2014 caused her to suffer transverse myelitis ("TM"). *See* Stip. at 1, ECF No. 43. Petitioner further alleged that she experienced the residual effects of her injury for more than six months. *Id.* On August 29, 2018, the parties filed a stipulation for award of compensation, which I adopted as my Decision Awarding Damages on September 5, 2018. ECF No. 44.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On October 12, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No. 48 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $62,593.22, representing $54,575.90 in attorneys' fees and $8,017.32 in costs. Fees App at 1-2. Pursuant to General Order No. 9, Petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation. *Id.* at 2. Respondent responded to the motion on October 15, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 49). Petitioner filed her reply on October 16, 2018, reiterating her belief that the requested amount is reasonable. Reply at 4-5 (ECF No. 50).

This matter is now ripe for consideration.

## I.  Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate ... by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.' " *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.  Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The

Court has since updated the *McCulloch* rates, and the Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, and 2018 can be accessed online.[3]

Petitioner requests the following rates of compensation for her attorney, Ms. Diana Stadelnikas: $359.00 per hour for work performed in 2016, $372.00 per hour for work performed in 2017, and $396.00 per hour for work performed in 2018. Fees App. at 22. Petitioner also requests rates from $135.00 - $148.00 per hour for paralegal work performed from 2016-2018. *Id.* These rates are in conformance to what has consistently been awarded to Ms. Stadelnikas and Maglio firm paralegals. Accordingly, no adjustment to the requested rates is required.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, I find the hours billed in this matter (177.2) to be largely reasonable, with only minor reductions required. There are several instances of paralegals billing for preparation of exhibits for filing, which has been consistently found to be an administrative/clerical task. *Rochester*, 18 Cl. Ct. at 387; Fees App. Ex. 15 at 2-3. Additionally, several routine filings were billed by both Ms. Stadelnikas and various paralegals. *See, e.g.*, Fees App. Ex 15 at 13 (entries on 10/10/17 concerning reassignment to a new special master). These issues are relatively minor however, and the undersigned shall reduce the total fees award by **$145.00**, representing one hour of paralegal work.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $8,017.32 in attorneys' costs. The majority of this amount ($4,738.64) is for mediation services provided by former Chief Special Master Gary Golkiewicz. Fees App. Ex. 16 at 2. The services and rate charged by former Chief Special Master Golkiewicz have consistently been

---

[3] The 2015-2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

approved by this court. *See Reinking v. Sec'y of Health & Human Servs.*, No. 15-326V, 2018 WL 6565453, at \*3 (Fed. Cl. Spec. Mstr. Nov. 20, 2018); *Kollias v. Sec'y of Health & Human Servs.*, No. 16-868V, 2018 WL 6301793, at \*3 (Fed. Cl. Spec. Mstr. Oct. 2, 2018).

The rest of the costs are routine expenses in Vaccine Program litigation, such as costs for medical records and travel expenses to meet with Petitioner and attend the mediation. Petitioner has provided adequate documentation of all these expenses and all are reasonable in the undersigned's experience. Accordingly, all requested costs shall be awarded in full.

## II.    Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $54,575.90 |
| (Reduction to Total Hours) | - $145.00 |
| **Total Attorneys' Fees Awarded** | **$54,430.90** |
| | |
| Attorneys' Costs Requested | $8,017.32 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$8,017.32** |
| | |
| **Total Amount Awarded** | **$62,448.22** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than those reductions delineated above, is reasonable. Accordingly, the undersigned hereby awards **a total of $62,448.22 to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ms. Diana Stadelnikas, of Maglio Christopher & Toale, PC, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

        **IT IS SO ORDERED.**

                                        **s/Katherine E. Oler**
                                        Katherine E. Oler
                                        Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).